# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY D. HAMILTON,<br><br>Plaintiff,<br><br>v.<br><br>GARY G. BAGDESORIAN, et al.,<br><br>Defendants. | Case No. 1:19-cv-00925-AWI-SAB<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>THIRTY DAY DEADLINE |

Nancy D. Hamilton ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed July 8, 2019.

## I.

## SCREENING REQUIREMENT

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998)

(affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff brings this action against attorneys Gary G. Bagdesorian and Robert Koenig, Mike Gillaspy from Guarantee Real Estate, and Kaiser Permanente Hospital alleging harassment, rape, fondling, sexual rape, threats against herself and her children, and using a wand to look through her files. (Compl. 2-3, ECF No. 1.) She is seeking one hundred billion dollars. (Compl. 5.) Plaintiff alleges that she is being raped, fondled wherever she goes, being forced to be a human sexual doll and into the sex trade business, and harassed. (Id.) Plaintiff also alleges

2

murder and that her car and trailer were wrecked. (Id.) In her statement of relief, Plaintiff states

> My home stolen, my money in the bank robbed, is dating me and trying to make me a whore with the use of human noide manikans, torture, death, pre-meditated murder so they can steal my money and property . . . attempted murder, and purchase murder on my daughter and kidnapping and rape, fondling me, and operating on me along with harassment. The police department, Highway Patrol, and Sheriffs Dept will not help me.[1]

(Compl. 6.)

Plaintiff's complaint is comprised of 185 pages of which the majority are names and addresses and rambling, sometimes fanciful, statements that appear unrelated to the defendants against whom Plaintiff brings this action. The gist of Plaintiff's complaint appears to be that Plaintiff believes that her father and mother were murdered and people have been stealing from her.

Based on the attachments to the complaint, Plaintiff was appointed as the administrator of her father's estate and Mr. Bagdesorian was the attorney for the estate. (Letter of Administration, ECF No. 1 at 74.) While acting as administrator of the estate, Plaintiff opened and closed multiple bank accounts; and on August 20, 2014, the Fresno County Administrator's Office closed a checking account that was opened by Plaintiff at Wells Fargo. (Clyde B Morris, Schedule G - Property on Hand, ECF No. 1 at 75.) Plaintiff's power to act as administrator was suspended because she was found to be abusing her fiduciary duties. (Order Suspending Powers of Former Administrator, ECF No. 1 at 72, 170.)

On August 20, 2014, Plaintiff was provided with a three day notice to vacate property located at 4530 N. Lorna, Fresno, CA by the administrator of her father's estate. (Three-Day Notice to Terminate Tenancy, ECF No. 1 at 150.) On August 28, 2014, property located at 4530 N. Lorna Avenue was sold to Derrick Hall. (Clyde B Morris, Schedule G - Property on Hand, ECF No. 1 at 75; Grant Deed, ECF No. 1 at 161-62.)

On April 2, 2015, the Fresno County Public Administrator moved for a final account and distribution of the estate. (Amended First and Final Account and Report of Successor Administrator and Petition for Allowance of Ordinary and Extraordinary Commissions and Fees

---

[1] Grammatical errors and spelling are copied from original.

3

and for Distribution, ECF No. 1 at 165-72.) The petition provided for distribution of the estate assets to Plaintiff and her two sibling. (Id. at 168-69.) Due to Plaintiff's breach of fiduciary duty, her share of the estate was reduced by $12,683.64 and the other heirs each received an additional $6,341.72. (Id. at 170.) Statutory attorney fees were to be awarded in the amount of $8,018.35 with $3,000.00 to be paid to County Counsel and $5,018.35 to be paid to Mr. Bagdesorian. (Id.) Extraordinary fees were requested by both County Counsel and Mr. Bagdesorian. (Id. at 171.)

On December 21, 2017, Plaintiff filed a complaint against Mr. Bagdesorian in Fresno County Superior Court alleging professional negligence and breach of contract. (ECF No. 1 at 119-120.)

## III.

## DISCUSSION

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000). Pursuant to 28 U.S. C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States. "A case 'arises under' federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983) (citations omitted)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Republican Party of Guam, 277 F.3d at 1089 (citations omitted).

Plaintiff asserts that she is bringing this action for violation of her federal rights. (ECF No. 1-1.) For this action to arise under federal law, Plaintiff must establish that "federal law creates the cause of action" or her "asserted right to relief depends on the resolution of a substantial question of federal law." K2 America Corp. v. Roland Oil & Gas, LLC, 653 F.3d

1024, 1029 (9th Cir. 2011). Here, the allegations in the complaint do not raise a question of federal law or a substantial federal question. From what the Court can comprehend of Plaintiff's complaint, she is contesting the distribution of her father's estate and the attorney fees paid to Mr. Bagdesorian. These claims do not arise under federal law, and therefore, there is no federal question jurisdiction.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Although Plaintiff has failed to show that this Court has subject matter jurisdiction over the claims alleged, a pro se litigant's complaint should not be dismissed "without leave to amend 'unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment.' " Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)). Accordingly, Plaintiff shall be granted an opportunity to file an amended complaint and the Court advises Plaintiff of the legal standards that would appear to apply to her claims..

**A.  Rule 8**

Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Plaintiff's complaint is neither short nor plain. Plaintiff's complaint is comprised of 185 pages of mostly unrelated rambling and notations and documents. Plaintiff is required to clearly set forth the claims that she seeks to pursue in this action and the actions of the defendants that alleges violates her federal rights, as well as the specific cause of action that she is seeking to pursue. The Court will not comb through Plaintiff's complaint in an attempt to find a claim. It is Plaintiff's responsibility to draft the complaint in a manner that provides notice to the defendants of the claims that she is bringing in this action and the actions taken by the defendant that Plaintiff contends cause them to be liable.

Further, Plaintiff is advised that "[a] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and

plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

Plaintiff shall be required to file an amended complaint that complies with Rule 8 and the Iqbal pleading standard. Plaintiff's amended complaint must not exceed **twenty pages** in length, including exhibits, and must identify the cause of action that is being pursued in this action and what each named defendant is alleged to have done to violate Plaintiff's federal rights.

### B. Section 1983

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of her rights. Iqbal, 556 U.S. at 677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must plead that the official has violated the Constitution through his own individual actions. Iqbal, 556 U.S. at 676; OSU Student Alliance v. Ray, 699 F.3d 1053, 1069 (9th Cir. 2012). In other words, to state a claim for relief under section 1983, Plaintiffs must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

A person acts under color of state law when he has exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). Being an employee with the state "is generally sufficient to render the defendant a state actor." West, 487 U.S. at 49. "[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law."

Id. at 50.

To act under color of law does not require that the defendant be an employee of the state, acting under color of state law can also be found were the defendant was "a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting see 'under color' of law for purposes of § 1983 actions." Dennis v. Sparks, 449 U.S. 24, 27–28 (1980). There are four different factors or tests that courts use to determine if a private party is acting under color of law: "(1) public function, (2) joint action, (3) governmental compulsion or coercion, and (4) governmental nexus." Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 835–36 (9th Cir. 1999). However, "purely private conduct, no matter how wrongful, is not within the protective orbit of section 1983." Ouzts v. Maryland Nat. Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974); see also Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996) (there is no right to be free from the infliction of constitutional violations by private actors).

To establish liability under section 1983, a plaintiff must sufficiently plead that the defendant is engaged in state action. Brunette v. Humane Soc'y of Ventura Cty., 294 F.3d 1205, 1209 (9th Cir. 2002), as amended on denial of reh'g and reh'g en banc (Aug. 23, 2002). "Whether a private party engaged in state action is a highly factual question[,]" in which the nature and extent of the relationship between the defendant and the state is crucial. Brunette, 294 F.3d at 1209.

Here, Plaintiff brings this action against two private attorneys; Kaiser Permanente, a private hospital; and a realtor. Plaintiff's complaint is devoid of any allegations by which the Court could reasonably infer that any named defendant was engaged in state action. Therefore, Plaintiff has failed to state a cognizable claim.

## IV.

## CONCLUSION AND ORDER

Plaintiff's complaint fails to allege facts by which the Court can find that it has jurisdiction over her claims. Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order. See Lopez, 203 F.3d at 1127.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in her amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
2. Plaintiff's amended complaint shall not exceed **twenty (20) pages** in length, including exhibits, and shall be stricken from the record if it fails to comply with this page limitation; and
3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated: **July 10, 2019**

UNITED STATES MAGISTRATE JUDGE